# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HANANATA EBIDU TEJAN,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 02-2290

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A77-511-159)

Submitted: August 20, 2003

Decided: September 4, 2003

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Randall L. Johnson, Arlington, Virginia, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Linda S. Wernery, Senior Litigation Counsel, Thankful T. Vanderstar, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Hananata Ebidu Tejan, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals (Board) affirming a decision of the immigration judge (IJ) that denies her application for asylum, withholding of removal, and relief under the Convention Against Torture. The Board adopted the opinion of the IJ that concluded Tejan failed to present credible evidence establishing past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C.A. § 1158 (West 1999 & Supp. 2003); 8 U.S.C. § 1101(a)(42)(A) (2000). We have reviewed the administrative record, the IJ's decision, and the Board's conclusion, and find that substantial evidence supports the IJ in his ruling that Tejan failed to establish her refugee status. We have reviewed the IJ's credibility determinations and conclude that they are supported by specific, cogent reasoning, and therefore are entitled to substantial deference. *Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir. 1989).

Tejan next challenges the IJ's finding that she failed to meet her burden of proof to qualify for withholding of removal or protection under the Convention Against Torture. Based on our review of the record and of the IJ's decision denying relief, we hold that the IJ did not err in finding that Tejan failed to show a "clear probability of persecution," or that it is "more likely than not" that she would face torture if she returned to Sierra Leone. *See Rusu v. INS*, 296 F.3d 316, 324 n.13 (4th Cir. 2002) ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion."); 8 C.F.R. § 1208.16(c)(2) (2003) (stating that to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

We reject Tejan's arguments that she was denied due process at the hearing before the IJ. "In order to prevail on a due process challenge to a deportation or asylum hearing, an alien must demonstrate that he was prejudiced by any such violation." *Rusu v. INS*, 296 F.3d 316, 320 (4th Cir. 2002). The asylum applicant must show "that better pro-

cedures are likely to have made a difference in the outcome of his hearing." *Id.* at 324. Tejan fails to show such prejudice.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*